# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-127 |
| vs. | : | Judge Timothy S. Black |
| DAVID HAMLER (5), | : | |
| Defendant. | : | |

## ORDER DENYING
## DEFENDANT'S MOTION FOR BOND

This case is before the Court on Defendant David Hamler's motion for reconsideration of bond (Doc. 74) and the Government's response in opposition (Doc. 82).[1] Also before the Court is Defendant's Pretrial Report. (Doc. 12). The Court reviews *de novo* the Order of Detention (Doc. 14) entered by the Magistrate Judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

Where, as here, a defendant has been charged with an offense under the Controlled Substances Act which carries a maximum term of imprisonment of ten years or more, a

---

[1] The Government's motion for extension of time to file (Doc. 78) is **GRANTED** *nunc pro tunc*.

rebuttable presumption arises that there are no conditions or combination of conditions that would reasonably assure the appearance of such person as required nor the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

Here, Defendant's sole argument in support of release is that his asthma rebuts the presumption of detention, in light of COVID-19. (Doc. 74). As an initial matter, Defendant's health, while a reasonable factor for consideration, does not speak to his risk of flight or danger to the community. Thus, Defendant's asthma is not evidence that rebuts the presumption of detention. Moreover, Defendant has only presented evidence that he suffers from mild intermittent asthma that requires an inhaler. (*Id.*, Att. A at 1). According to the Centers for Disease Control and Prevention ("CDC"), "[p]eople with **moderate-to-severe or uncontrolled asthma** [as opposed to mild intermittent asthma)] are more likely to be hospitalized from COVID-19." People with Moderate to Severe Asthma, CDC, available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited Mar. 15, 2022).

Moreover, Defendant's motion fails to account for the availaby of the COVID-19 vaccine to protect against severe illness. Indeed, the CDC specifically notes the importance and efficacy of the vaccine, particularly for those individuals with underlying health conditions. People with Certain Medical Conditions, CDC, available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2022). And all three of the COVID-19 vaccines are available to all detainees at the Butler County Jail upon request, which substantially lessens any risk presented by COVID-19. As the Sixth Circuit recently held

in the context of compassionate release motions, "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason'" for a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The same is true here.

Most compelling, however, the Court finds that there are no conditions or combination of conditions that would assure the safety of the community if Defendant were released on bond. Even if Defendant could rebut the presumption of detention, detention is clearly warranted under the Bail Reform Act.

The first factor the Court must consider—specifically, the nature and circumstances of the offense charged—weighs in favor of detention in this case. Defendant is charged in a conspiracy to distribute more than one kilogram of heroin and more than 400 grams of fentanyl, in violation of 21 U.S.C. § 846. (Doc. 34). As charged, Defendant faces a mandatory minimum term of ten years and up to life in prison. *See* 21 U.S.C. § 841(b)(1)(A). As described in the criminal complaint, the Government alleges that Defendant was intimately involved in this drug conspiracy and received the delivery of more than twenty kilograms of heroin in 2017 alone. (Doc. 3). And the Government alleges further that Defendant has continued to sell drugs in 2021 (including while on state court supervision). Accordingly, this factor weighs in favor of detention.

Second, the Court must consider is the weight of the evidence against the defendant as to dangerousness.[2] Here, the weight of the evidence against Defendant is strong. Given Defendant's long history of selling drugs and illegally possessing firearms (as more fully detailed in the Court's analysis of the third factor, *infra*), his release would pose a danger to the community. Thus, this factor weighs in favor of detention.

The third factor—the history and characteristics of the defendant—also weighs heavily in favor of detention. As an initial matter, the Court notes that Defendant provided an inconsistent work history when compared to what his girlfriend and mother advised the Pretrial Officer.[3] Additionally, Defendant criminal history strongly evidences that Defendant poses a considerable risk to the community and is unlikely to abide by any conditions of bond. As detailed in the Pretrial Report, Defendant has an extensive criminal history, which includes numerous convictions for aggravated drug trafficking, possession and trafficking of drugs, carrying concealed weapons, having weapons under disability, tampering with evidence, aggravated menacing, and failure to comply with an

---

[2] The weight of the evidence against the person "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing United *States v. Hazime*, 762 F.2d 34, 36 (6th Cir. 1985)).

[3] Defendant reported that, for the past eight months, he and his girlfriend have been renting out two properties through Airbnb. (Doc. 12 at 2). Defendant reported that the rental properties are and have been his only source of income, bringing in approximately $2,000.00 per month. (*Id.*) Notably, Defendant did not report owning any rental properties; therefore, it is unclear how Defendant is earning income from renting properties that do not appear to belong to him. Moreover, Defendant's girlfriend did not claim to own the rental properties and, in fact, made no mention of any such properties or any rental income at all. (*Id.*) Rather, Defendant's girlfriend stated that she and Defendant own and operate a janitorial business, and that Defendant has been working as a janitor for the past six months. (*Id.*) Defendant's mother also stated that Defendant works as a janitor. (*Id.*)

4

officer. (Doc. 12). Moreover, Defendant's criminal history is neither dated, nor short-lived, spanning his entire adult life—virtually undeterred—from 2008 to 2020. (*Id.*) Furthermore, Defendant has a history of committing new offenses while under court supervision. Thus, Defendant's history and characteristics show that he is a danger to the community and is unable to abide by conditions of supervision. Accordingly, this factor weighs in favor of detention.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. In this case, the nature and seriousness of the danger is considerable. Drug trafficking is dangerous, and when firearms are involved, those dangers increase exponentially. And, as evidenced by his criminal history, Defendant has extensive involvement with drug trafficking and shows an absolute willingness to continue carrying firearms, all of which create a substantial risk to the safety of the community. And Defendant's history of failing to comply with law enforcement, tampering with evidence, and violating supervision, all indicate that no conditions of bond will suffice to diminish the risk to the community.

Based upon the foregoing, Defendant Hamler's motion for bond (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

Date:  3/16/22

Timothy S. Black
United States District Judge